UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON STEWART,<br><br>Plaintiff,<br><br>v.<br><br>STERLING INFOSYSTEMS, INC.,<br><br>Defendant, | Docket No: 24cv1675<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff JASON STEWART ("Plaintiff"), by and through his attorneys, TARIQ LAW, PC and JAFFER & ASSOCIATES, PLLC (Pro Hac Vice pending), and files this *Complaint* against Defendant STERLING INFOSYSTEMS, INC. ("Sterling"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action under 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA") and N.Y. Gen. Bus. Law § 380 *et seq.* the New York Fair Credit Reporting Act ("NY FCRA") for actual and statutory damages, punitive damages, costs, and reasonable attorneys' fees against Defendant.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

3. Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3) because the Defendant regularly conducts business in this district and has a corporate headquarters in this district.

## PARTIES AND SERVICE

**Plaintiff Jason Stewart**

4. Plaintiff is a resident of Benton County, Arkansas.

5. At all times material hereto, Plaintiff is a "Consumer," as defined under the FCRA 15 U.S.C. § 1681a(c) and the NY FCRA § 380-a(b).

**Defendant Sterling Infosystems, Inc.**

6. Defendant Sterling is a "Consumer Reporting Agency" as defined by the FCRA 15 U.S.C. § 1681a(f) and the NY FCRA § 380-a(e). Defendant Sterling conducts substantial and regular business activities in this district with its headquarters located in this district. Defendant Sterling may be served with process upon PARACORP INCORPORATED, its registered agent for service of process, at One Commerce Plaza 99 Washington Ave. #805A, Albany, NY, 12210.

7. At all times material hereto, Defendant Sterling is a Consumer Reporting Agency who regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports to third parties as said term is defined under the FCRA 15 U.S.C. § 1681d and the NY FCRA § 380-a(c).

8. Among other things, Defendant Sterling sells consumer background checks to property managers of dwellings and apartments for the use of deciding whether to offer tenancy to prospective tenants or to take adverse action such as rejection of consumer applications for housing. These reports are provided in connection with a business transaction initiated by the property manager.

## FACTUAL ALLEGATIONS

9. In January 2024, Plaintiff applied for employment with Dollar Tree, Inc. (the "Employer").

10. In January 2024, Plaintiff was offered employment with the Employer contingent on Plaintiff passing a background check serviced by Defendant Sterling.

11. On January 16, 2024, Defendant Sterling published its background check report on Plaintiff to the Employer (the "Report").

12. In its Report, Defendant Sterling falsely and erroneously published that Plaintiff had been arrested and charged with a felony for failing to register as a sex offender (the "Charge").

13. Plaintiff is not and has not ever been a registered sex offender.

14. The individual convicted of the Charge has the same first and last name as Plaintiff, but a different middle name.

15. Shortly after Defendant Sterling published the Report to the Employer, the Employer rescinded its offer of employment to Plaintiff exclusively due to the false or erroneous publication of the Charge on the Report.

16. Defendant Sterling falsely and erroneously published another individual's criminal record to Plaintiff's Report.

17. On November 8, 2023, Plaintiff sent a letter to Sterling disputing the publication of the Charge on Plaintiff's Report by Sterling.

18. On November 17, 2023, Sterling sent a cursory response to Plaintiff stating that the Charge was removed from Plaintiff's Report.

19. Defendant Sterling did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's Report because Sterling published a Report relating to Plaintiff which contained false and erroneous information pertaining to Plaintiff's criminal history.

20. Defendant Sterling failed to take adequate steps to verify information before Sterling included it in Plaintiff's consumer report and later published the Report to users.

21. Due to Defendant Sterling's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, Plaintiff suffers from employment denials, exasperation of time to fix the erroneous Report published by Sterling, loss of wages, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

22. Defendant Sterling willfully or negligently failed to comply with its obligations under the FCRA 15 U.S.C. § 1681e(b) and the NY FCRA § 380-j.

## FIRST CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendant Sterling

23. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

24. This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et seq.*

25. Defendant has negligently failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information; and

    c.    The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

26. As a result of Defendant's negligent violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective employer; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

27. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions and inaction were negligent, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the arbitrator pursuant to 15 U.S.C. § 1681o.

28. Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the arbitrator pursuant to 15 U.S.C. § 1681o.

**SECOND CAUSE OF ACTION**
**Violation of the Fair Credit Reporting Act**
**Willful Violation of 15 U.S.C. § 1681e(b) as to Defendant Sterling**

29. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

30. This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et seq.*

31. Defendant has willfully failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

      a. The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

      b. The failure to note in the consumer report that Plaintiff disputed the accuracy of the information; and

      c. The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

32. As a result of Defendant's willful violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective employer; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

33. Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions and inaction were willful, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the arbitrator pursuant to 15 U.S.C. § 1681n.

34. Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the arbitrator pursuant to 15 U.S.C. § 1681n.

### THIRD CAUSE OF ACTION
**Violation of the New York Fair Credit Reporting Act**
**Negligent Violation of N.Y. Gen. Bus. Law § 380j as to Defendant Sterling**

35. Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

36. This is an action for negligent violation of the NY FCRA § 380j *et seq.*

37. Defendant has negligently failed to comply with the NY FCRA. The failures of Defendant to comply with the NY FCRA include but are not necessarily limited to:

   a. The failure to withhold information from consumer reports which Defendant had reason to know was inaccurate; and

   b. The failure to main reasonable procedures to assure maximum possible accuracy of the information contained in consumer reports.

38. Defendant Sterling's failure to maintain reasonable procedures to assure maximum possible accuracy of consumer information used in preparing and publishing consumer reports directly hindered Plaintiff from obtaining employment because the information Sterling published in Plaintiff's consumer report was false or erroneous and adverse.

39. As a result of Defendant Sterling's negligent violation of the NY FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and to provide them to the prospective employer; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, and frustration.

40. Defendant Sterling violated the NY FCRA in that its conduct, action, and inaction were negligent, rendering it liable to Plaintiff for actual damages, the costs of this action, and attorneys' fees pursuant to the NY FCRA § 380-m.

## **DEMAND FOR TRIAL BY JURY**

41. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks judgement against Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from Defendant;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from Defendant;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from Defendant;

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: March 5, 2024

Respectfully submitted,

_____
Subhan Tariq, Esq.
Tariq Law PC
**Attorney for Plaintiff**
99 Park Avenue, Suite 1100
New York, NY 10016
Telephone: (212) 804-9095
Email: subhan@tariqlaw.com

**JAFFER & ASSOCIATES PLLC**
**(PRO HAC VICE PENDING)**

/s/ *Shawn Jaffer*
**Shawn Jaffer**
State Bar No. 24107817
5757 Alpha Rd., Ste 580
Dallas, Texas 75240
Tel:    (469) 589-5605
Fax:   (469) 669-0786
Email: national@jaffer.law

*Attorneys for Plaintiff*